Paul D. EARL, Appellant,

v.

STATE of Indiana, Appellee.

No. 382S76.

Supreme Court of Indiana.

June 23, 1983.

George K. Shields, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., James W. Turpen, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

Paul D. Earl was convicted of robbery, Ind.Code § 35–42–5–1 (Burns 1979 Repl.), a class A felony, after a bench trial and was sentenced to twenty-five years in prison. In this direct appeal he raises two issues:

(1) Whether he waived his right to a jury trial, guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and by Article I, Section 13 of the Indiana Constitution, without an effective showing that he did so voluntarily, knowingly and intelligently.

(2) Whether there is sufficient evidence to support the conviction.

The evidence presented at the trial shows that the victim, George Allard, visited the home of the defendant's father in the afternoon of December 27, 1980. There Allard and defendant, as well as several others present, drank beer and whiskey until 8:30

or 9:00 p.m. The defendant then accompanied Allard to Allard's house and the two continued to consume beer and whiskey there until 1:00 a.m. on December 28th. The two men then departed in Allard's car with the defendant driving. After driving for a distance, the defendant stopped the car and both men got out. Allard testified at trial that defendant pushed him to the ground, beat and kicked him and took his watch and his wallet which held approximately $2500. Defendant testified, however, that he did not take Allard's watch or wallet, and that while he did strike him once or twice it was because Allard had hit and threatened him while he was driving. Defendant also testified that Allard had slapped him in the face earlier in the evening.

Defendant claims that the trial court erred when it allowed him to waive his right to trial by jury without a showing on the record that the waiver was voluntarily, knowingly and intelligently entered. On January 6, 1981, the defendant waived arraignment and pleaded not guilty to the robbery charge. At that time, the case was set for a jury trial on March 4, 1981. On February 24, 1981, the defendant was granted a continuance of that trial date.

On May 12, 1981, the defendant appeared in person and with his counsel in open court and filed an express written waiver which read: "I waive trial by jury." This waiver was signed by the twenty-two year old defendant and by another as a witness. On September 11, 1981, defendant's case was heard by the judge without objection. The defendant claims now that since he was not advised by the trial court of the nature of his right to trial by jury and the consequences of his waiver of that right, his waiver was ineffective. He would require an on-the-record colloquy between the defendant and the judge as a prerequisite to an effective waiver of the right to trial by jury.

Defendant acknowledges that we have decided this precise question adversely to his position in *Kennedy v. State*, (1979) Ind., 393 N.E.2d 139, *cert. denied*, 444 U.S. 1047,

100 S.Ct. 737, 62 L.Ed.2d 734. In that case we found that there was "no . . . requirement that the trial judge explain to Defendant the difference between a trial by court and by jury; nor is there any requirement that the trial record demonstrate that Defendant understood the difference." 393 N.E.2d at 142. He urges, however, that we adopt a requirement similar to the rule promulgated by the United States Court of Appeals for the Seventh Circuit under its supervisory power in *United States v. Scott*, (7th Cir.1978) 583 F.2d 362. That court, after noting that previous admonitions to judges to make an on-the-record determination of the voluntary and knowing character of the waiver of the right to trial by jury had gone unheeded, pronounced a rule for prospective application making this colloquy mandatory.

Even though it is preferable for the trial judge to advise the defendant of his right to a jury trial and the consequences of his waiver of that right, we must reiterate that such a procedure is not required by the United States or Indiana Constitutions or by our statute, Ind.Code § 35–1–34–1 (Burns 1979 Repl.) [Acts 1905, ch. 169, § 258, p. 584 (repealed 1982); recodified in Ind.Code § 35–37–1–2 (Burns Supp.1982)]. *Kennedy, supra; Kindle v. State*, (1974) 161 Ind.App. 14, 313 N.E.2d 721. We are further entirely unable to conclude that this particular defendant did not enter his waiver of the right to trial by jury voluntarily, knowingly and intelligently. He signed an express written waiver after time to consult with his attorney and after a jury trial was originally scheduled. He appeared in open court with counsel at the time of the waiver. Defendant was no stranger to the judicial system, having been convicted of two felonies prior to his arrest for this robbery. We find that the defendant voluntarily, knowingly and intelligently waived his right to a jury trial and that the trial court did not commit error by failing to conduct an on-the-record colloquy.

Defendant also contends that his conviction was based on insufficient evidence. Our standard of review in light of

such a claim is clear. This Court neither weighs the evidence nor resolves questions of credibility, but only looks to the evidence and reasonable inferences therefrom which support the verdict. *Smith v. State,* (1970) 254 Ind. 401, 260 N.E.2d 558. If from that viewpoint there was evidence of probative value from which a reasonable trier of fact could conclude that a defendant was guilty beyond a reasonable doubt, we will affirm the conviction. *Taylor v. State,* (1970) 260 Ind. 64, 291 N.E.2d 890; *Glover v. State,* (1970) 253 Ind. 536, 255 N.E.2d 657.

The evidence most favorable to the verdict here shows that after driving a distance in the victim's automobile, defendant stopped the car, got out, and beat and kicked the victim causing bodily injury. He then took the victim's watch and wallet. Several days after this incident, the victim received a phone call from the girlfriend of the defendant's brother who lived very near the scene of the crime. She claimed that she had found the victim's wallet in the trash burning container behind her house and offered its return in exchange for a reward.

 Defendant argues that the testimony of the victim is not credible and is of no value because the victim was intoxicated. It is, however, the prerogative of the trier of fact to believe or disbelieve a witness and to judge his credibility. *Roberson v. State,* (1982) Ind., 430 N.E.2d 1173; *Borden v. State,* (1980) Ind., 400 N.E.2d 1368. Defendant's challenge in this respect goes only to the weight of the victim's testimony which is the province of the trier of fact. *Baynard v. State,* (1972) 259 Ind. 336, 286 N.E.2d 844. We will not set aside the trial judge's determination of the credibility of this witness.

Defendant also argues that there was insufficient evidence to support his conviction because the State failed to produce evidence that he gained possession of the money or the watch. Contrary to these assertions, however, the State did introduce the testimony of the victim that defendant gained possession of those items. Recovery of the stolen property and its production at trial are not essential to prove a robbery was committed or that the defendant committed it. *Jackson v. State,* (1971) 257 Ind. 477, 275 N.E.2d 538; *Mitchell v. State,* (1977) 172 Ind.App. 294, 360 N.E.2d 221. Furthermore, the recovery of the wallet from the home of the defendant's brother and his girlfriend is circumstantial evidence of a felonious possession. There was sufficient evidence of probative value from which a reasonable trier of fact could conclude that the defendant was guilty beyond a reasonable doubt.

Defendant's conviction is affirmed.

GIVAN, C.J., and HUNTER, PRENTICE and PIVARNIK, JJ., concur.