**Anthony H. WILSON,
Defendant-Appellant,**

v.

**STATE of Indiana, Plaintiff-Appellee.**

**No. 1–383A89.**

Court of Appeals of Indiana,
First District.

Sept. 7, 1983.

Frank G. Kramer, Ewbank, Meyer & Kramer, Lawrenceburg, for appellant.

Linley E. Pearson, Atty. Gen., Lisa M. Paunicka, Deputy Atty. Gen., Indianapolis, for appellee.

RATLIFF, Judge.

### STATEMENT OF THE CASE

Appellant Anthony H. Williams appeals from his convictions for driving while intoxicated and unsafe lane movement in a trial to the court. We reverse and remand.

### FACTS

Wilson was observed by an Indiana State Police officer entering the left lane of the road several times. The officer stopped Wilson because of these lane changes. Upon approaching the vehicle, the officer detected the odor of alcohol. A subsequent breathalyzer test indicated a blood alcohol level of .133%. Defendant was convicted in a bench trial of driving while intoxicated and unsafe lane movement. It is from

those convictions that defendant now appeals.

## ISSUE

Wilson raises four issues on appeal. However, because we reverse, we deal only with appellant's first issue:

Did the trial court err in denying Wilson's request for jury trial?

## DISCUSSION AND DECISION

The trial court erred in denying Wilson's request for jury trial.

We begin our discussion by noting that there was in effect, at the time of the commission of the alleged offense and at the time formal proceedings were commenced against the defendant, a statute which stated that "[t]he defendant and prosecuting attorney, with the assent of the court, may submit the trial to the court. All other trials must be by jury." Ind.Code Ann. § 35–1–34–1 (Burns 1979).[1] Our supreme court has expressly indicated that a waiver of jury trial under section 35–1–34–1, by submitting the trial to the court, must be made "by [the] defendant personally" and must be "reflected in the record before the trial begins either in writing or in open court." *Good v. State,* (1977) 267 Ind. 29, 32, 366 N.E.2d 1169, 1171. *See also Smith v. State,* (1983) Ind.App., 451 N.E.2d 57, 60. Our supreme court has also noted that there is no statutory or constitutional requirement that the court explain to the defendant the difference between a jury trial and a trial to the court or that the record demonstrate defendant's understanding of such a difference. *Kennedy v. State,* (1979) 271 Ind. 382, 387, 393 N.E.2d 139, 142, *cert. denied* 444 U.S. 1047, 100 S.Ct. 737, 62

L.Ed.2d 734 (1980). *See also Earl v. State,* (1983) Ind., 450 N.E.2d 49, 50.

Also in effect at the same time was our supreme court's promulgation of Ind. Rules of Procedure, Criminal Rule 22. That rule states, in its entirety:

"A defendant charged with a misdemeanor may demand a trial by jury by filing a written demand therefor not later than ten (10) days before his scheduled trial date. The failure of a defendant to demand a trial by jury as required by this rule shall constitute a waiver by him of trial by jury unless the defendant has not had at least fifteen (15) days advance notice of his scheduled trial date and of the consequences of his failure to demand a trial by jury."

The rule was adopted January 1, 1981. Because C.R. 22 was promulgated by the supreme court after its decisions in *Good* and *Kennedy,* we must presume that it was written with those decisions in mind. This presumption gives rise to the inference that the supreme court intended to limit the application of *Good* and *Kennedy,* as well as the provisions of Indiana Code section 35–1–34–1, to cases involving felony charges.[2] Criminal Rule 22 thereby carves out an apparent exception to the requirement of *Good* and the holding in *Kennedy* in cases involving the trial of misdemeanor charges. Because C.R. 22 deals specifically with the trial of misdemeanor charges, we deem it to be controlling in this case.

In the instant case, Wilson contends that the trial court made no explanation of the consequences of a failure to demand trial by jury. Nowhere does the record affirmatively indicate that the court made such an explanation. In fact, the converse is true. In his order of November 9, 1982, the trial judge noted that C.R. 22 requires "that a

---

1. Section 35–1–34–1 was subsequently repealed by 1981 Ind.Acts, Pub.L. 298 § 9(a). The repeal was deemed to "not affect any rights of liabilities accrued, or any proceeding begun, before September 1, 1982." 1981 Ind. Acts, Pub.L. 298 § 9(b). Section 35–1–34–1 was, therefore, applicable in the instant case even though the trial was actually held after September 1, 1982, the effective date of the statute's repeal. In any event, the successor

statute, Ind.Code Ann. § 35–37–1–2 (Burns Supp.1982) (effective September 1, 1982), is identical to its predecessor.

2. *Good, Smith, Kennedy,* and *Earl* all involve the trial of felony charges, as does *Cunningham v. State,* (1982) Ind.App., 433 N.E.2d 405, which defendant relied upon in support of his argument.

defendant be advised he may demand a jury trial in writing and of the [sic] consequences to do so." Record at 26–27. The judge then noted that since Wilson, by counsel, waived arraignment, he could not later claim error in the court's failure to so apprise him. The trial judge was mistaken in that regard. By the court's own admission, it did not apprise him of the consequences of his failure to request a jury trial. The record is silent as to any subsequent advisement by the court. Pursuant to the provisions of C.R. 22, we cannot say that the defendant effectively waived his right to a jury trial in this case.[3] We, therefore, reverse and remand for retrial.

·Reversed and Remanded.

ROBERTSON, P.J., and NEAL, J., concur.

---

3.  Wilson actually argues that the court erred in denying his jury trial request of October 4, 1982. However, the state contends that because defendant failed to appear at two prior trial dates he must be deemed to have waived his right to trial by jury because of his untimely request. While we do not condone the defendant's failure to appear at not one, but two previously set trial dates, we still must conclude that where the defendant is not advised by the court as required by the rule, his failure to request a jury trial cannot be deemed a waiver. The same must be said in cases, such as the instant case, where the defendant admits he knew of his right to have a jury trial, but was not so advised by the court.