Michael A. KIMBERLING, Appellant,

v.

STATE of Indiana, Appellee.

No. 45S03–8803–CR–354.

Supreme Court of Indiana.

March 25, 1988.

Visvaldis P. Kupsis, Schererville, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

## ON CRIMINAL PETITION
## FOR TRANSFER

GIVAN, Justice.

In a published opinion, *Kimberling v. State* (1987), Ind.App., 516 N.E.2d 1070, the Court of Appeals reversed appellant's conviction of Check Deception and ordered entry of a judgment of acquittal.

The facts are: Appellant operated several businesses in Lake County. On January 24, 1985, he issued a check in the amount of $1,971 to pay for goods previously delivered by City Sales. That check, number 1134, was drawn on one of appellant's business accounts with Citizens Federal Savings. Before he issued the check, he phoned the bank to inquire about his balance and was told that he had $4,572.97. However, when the check was presented, six days after it was issued, it was returned by the bank marked "UNCOLL."

An agent for the payee was assigned the task of collecting the amount of the check. The agent arranged a payment schedule with appellant. Two other checks which had been dishonored were paid by appellant; however, check number 1134 remained unpaid. The payee's agent notified appellant that if payment was not made promptly they would seek criminal prosecution.

After the agent's oral advisement, appellant was sent a letter which stated:

> "Unless full payment of $5,633,12 [sic] is received by March 25, 1985, your account will be turned over to the prosecuting attorney for legal action."

The payment was not made and appellant was subsequently convicted of check deception in connection with check number 1134.

The majority opinion of the Court of Appeals takes the position that the above letter did not fulfill the statutory requirement of notice as set forth in Ind.Code § 35–43–5–5(e), which reads as follows:

> "It is a defense under subsection (a) if a person who:
>
> (1) has an account with a credit institution but does not have sufficient funds in that account; and
>
> (2) issues or delivers a check, draft, or order for payment on that credit institution;

pays the payee or holder the amount due, together with protest fees and any service fee or charge, which may not exceed the greater of fifteen dollars ($15) or five percent (5%) (but not more than two hundred fifty dollars ($250)) of the amount due, that may be charged by the payee or holder, within ten (10) days after the date of mailing by the payee or holder of notice to the person that the check, draft, or order has not been paid by the credit institution. Notice sent in the manner set forth in IC 28–2–8–1(c) constitutes notice to the person that the check, draft, or order has not been paid by the credit institution. The payee or holder of a check, draft, or order that has been dishonored incurs no civil or criminal liability for sending notice under this subsection."

The Court of Appeals majority opinion quotes from *Suits v. State* (1983), Ind.App., 451 N.E.2d 375, 381 as follows:

> "A construction which includes notice as part of the defense would place control of the availability of the defense in the hands of the payee or holder. The holder or payee could totally deprive a defendant of the defense of payment by intentionally not mailing notice of non-

payment and thereby nullifying the legislature's intent that such a defense can and should exist. Thus, the only interpretation that gives viability to the legislature's expressed intent that a defense shall exist is the construction that the defense is timely payment after the state has proven the element of mailing notice of nonpayment."

We do not interpret the statute as intending to set up the mailing of notice that the instrument has not been paid as the only method by which a defendant could receive notice of such default. We accept Judge Staton's dissenting opinion in this case as a more logical approach to the situation. It is clear from the facts in this case that appellant was notified of the nonpayment by a letter, in person, his bank statement, a payee's payment schedule, and a threat of legal action.

We view the intent of the legislature in passing the statute giving an appellant a defense of payment within ten (10) days "after the date of mailing by the payee or holder of notice to the person that the check, draft, or order has not been paid by the credit institution" as giving a ten (10) day grace period following the type of notice which a payor would usually receive in the course of business. We do not view the language of the statute as an attempt to set up an extremely technical and exclusive method of notification. We see no reason for such a strict interpretation. We view the language of the statute as setting up a method by which a payor could avoid prosecution by making payment within ten (10) days of notification of nonpayment.

The gravamen of the situation is that if the payor, after receiving reasonable and positive notification of nonpayment, fails to make restitution within ten (10) days he subjects himself to possible criminal prosecution. He cannot invoke the defense which was available to him within ten (10) days under the terms of the statute.

The Court of Appeals opinion is vacated, and the trial court is affirmed.

PIVARNIK, J., concurs.

DeBRULER, J., concurs with separate opinion in which SHEPARD, C.J., concurs for the reasons expressed therein.

DICKSON, J., concurs in both GIVAN's and DeBRULER's, JJ., opinions.

DeBRULER, Justice, concurring.

Check deception is issuing or delivering an immediately payable check with a particular knowledge at the time, namely that the check will not be paid upon presentment, which knowledge is not shared with the payee. I.C. 35–43–5–5(a) and (f). The elements of the crime are (1) knowing or intentional, (2) issuing or delivering, (3) an immediately payable instrument, and (4) unshared knowledge. The prosecution should make a prima facie case upon proof of (1) venue, (2) identity, (3) a knowing or intentional issuing or delivering, (4) an immediately payable instrument, and (5) unshared knowledge. The crime would be complete upon the delivery.

The Court of Appeals and the majority find an additional element of the crime in I.C. 35–43–5–5(e). This additional element appears to be a failure of the defendant to make payment of the amount due as represented by the check after gaining knowledge that the check was not paid by the bank. There is no such element to be found there. By its express wording, Sec. 5(e) defines a defense to the crime of check deception. The defense is available to a defined class of defendants, who in the absence of this defense would appropriately be found guilty of the crime of check deception. The Sec. 5(e) defense is in essence made out upon proof by the defendant that he paid the payee the amount due within a ten day period which commenced when written notice of non-payment by the bank was sent out to him. Consequently, the evidence of guilt was not insufficient because of the failure of the prosecution to prove notice of non-payment.

SHEPARD, C.J., and DICKSON, J., concur.