Ronald F. SHADY, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 2A03–8707–PC–188.

Court of Appeals of Indiana,
Third District.

June 13, 1988.

David R. Hennessy, Indianapolis, for appellant.

Linley E. Pearson, John D. Shuman, Attys. Gen., Indianapolis, for appellee.

HOFFMAN, Judge.

Defendant-appellant Ronald F. Shady appeals his conviction for operating a motor vehicle while intoxicated, a Class A misdemeanor.

On appeal, two issues are presented for review:

(1) whether sufficient evidence supports the conviction; and

(2) whether Shady was denied his constitutional right to a jury trial absent a valid waiver.

The evidence relevant to this appeal discloses that at approximately 2:30 A.M. on January 1, 1987, Fort Wayne police observed a car traveling 55 miles per hour in a 40 miles per hour zone. Police stopped the car and determined that Shady was driving. The police officers noticed that Shady's manual dexterity was clumsy while obtaining his driver's license and car registration, that Shady's eyes appeared red and glassy, that Shady smelled of alcohol, and that Shady's speech was slurred. Shady agreed to a breath test which revealed a blood alcohol content of .14%. Shady was charged with driving while intoxicated.

On January 5, 1987 an attorney entered an appearance on behalf of Shady and the cause was continued. At the February 24, 1987 hearing date Shady apparently did not appear personally but his attorney waived trial by jury and requested a bench trial which was scheduled for March 31, 1987. On March 23, 1987 another attorney entered an appearance on behalf of Shady and moved to preserve Shady's right to a

jury trial. The motion was denied. A second motion for a jury trial was sent to the court by certified mail on April 15, 1987. The second motion was also denied. On April 28, 1987 a trial to the court resulted in Shady's conviction on the charge. This appeal ensued.

■ It is well settled that when determining the sufficiency of the evidence, a court of review may not weigh evidence or determine the credibility of witnesses and must consider only that evidence most favorable to the State together with all reasonable inferences to be drawn therefrom. *Alfaro v. State* (1985), Ind., 478 N.E.2d 670, 672. Shady contends that recent decisions by this Court require proof of impairment prior to a conviction under IND. CODE § 9–11–2–2 (1983 Supp.).

*See e.g. Smith v. State* (1986), Ind.App., 502 N.E.2d 122, *but see Clark v. State* (1987), Ind.App., 512 N.E.2d 223, 228, n. 1.

According to Shady, no evidence of impaired driving ability was presented. Shady notes that police officers did not observe his car weaving, straddling lane markers or being operated erratically.

The evidence supporting the conviction reveals that Shady was traveling 15 miles per hour above the speed limit on a hilly road. Further, once stopped by the police, Shady exhibited difficulty with manual dexterity. These coupled with other physical indications of intoxication and Shady's failure to properly complete a field sobriety test could establish impaired driving ability. *See Warner v. State* (1986), Ind.App., 497 N.E.2d 259, 263 (defendant successfully performed field sobriety test, no proof of slurred speech or impaired thought processes, thus no impaired driving ability).

■ Next, Shady complains that the actions by his first attorney in waiving a trial by jury did not constitute a valid waiver. In *Marcum v. State* (1987), Ind.App., 509 N.E.2d 895, 896 discussing the necessary requirements for an effective waiver of the right to a jury trial, this Court stated:

"The right to a jury trial is an essential element of a defendant's right to due process. *Williams v. State* (1974), 159 Ind.App. 470, 307 N.E.2d 880, *trans. denied;* U.S. *Const.* amend. VI; Ind. *Const.* art. I, § 13. While this right may be waived, it must be made by the defendant in a knowing, intelligent, and voluntary manner, with sufficient awareness of the surrounding circumstances and consequences. *Woodson v. State* (1986), Ind. 501 N.E.2d 409. It is also true that the defendant must personally waive a trial by jury and the record must directly reflect that waiver. *Brown v. State* (1986), Ind. 495 N.E.2d 178; *Doughty v. State* (1984), Ind. 470 N.E.2d 69."

In *Smith v. State* (1983), Ind.App., 451 N.E.2d 57, this Court was presented with circumstances very similar to those in the present case. The record reflected only that the defendant's attorney stated that the defendant waived jury trial. The record did not disclose whether the defendant agreed to or understood the waiver, or whether the defendant was present at the time. Because the record did not reveal that Smith ever understood his right to a jury trial prior to his conviction, this Court determined that the waiver was not voluntary, knowing, or intelligent. 451 N.E.2d at 59–61.

The record in this case discloses that Shady did not personally waive his right to a jury trial in that there is no indication that he was present at the time. *Cf. Smith, supra,* 451 N.E.2d at 60 (Court specifically did not address whether a waiver by counsel in defendant's presence could satisfy the requirement that the waiver be personal). Shady submitted an uncontroverted affidavit stating *inter alia* that he did not authorize his first attorney to waive a trial by jury on his behalf. Consequently, the trial court erred in denying Shady a trial by jury based upon the alleged waiver by his first attorney.[1]

1. Because the trial court stated that it was denying Shady's motion for a trial by jury based upon the waiver by his first attorney, and be-

cause Shady's motion for a jury trial made before the April 28, 1987 trial date appeared to be timely pursuant to Ind. Rules of Procedure,

Therefore, the cause must be remanded for a new trial, preserving Shady's right to a trial by jury.

Reversed and remanded.

GARRARD, P.J., concurs.

NEAL, J., dissents with opinion.

NEAL, Judge, dissenting.

I respectfully dissent in two particulars. First, I am of the opinion that a blood alcohol test result of .10 or more is, under IND. CODE 9–11–1–7, prima facie evidence of intoxication and, until rebutted, sufficient evidence to support a conviction of operating a motor vehicle while intoxicated. I disagree with the holdings in *Smith v. State* and *Clark v. State.*

Secondly, Shady did not demand a jury trial within 10 days prior to the first scheduled trial date. Under Ind. Rules of Procedure, Criminal Rule 22, he has waived that right. In accordance with C.R. 22, there is no need to address the matter of personal waiver of the right to a jury which applies to felonies.

Crim. Rule 22, this Court need not discuss any

possible implications of Crim. Rule 22.