Mohammed **BELAZI**,
Defendant–Appellant,

v.

**STATE of Indiana, Plaintiff–Appellee.**

**No. 53A01–8803–CR–89.**

Court of Appeals of Indiana,
First District.

July 11, 1988.

Rehearing Denied Sept. 19, 1988.

Patrick M. Schrems, Deputy Public Defender, Bloomington, for defendant-appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

NEAL, Judge.

## STATEMENT OF THE CASE

Defendant-appellant, Mohammed Belazi (Belazi), appeals his conviction by the Monroe Superior Court IV of operating a vehicle while intoxicated, a Class A misdemeanor under IND.CODE 9–11–2–2.

We affirm.

## STATEMENT OF THE FACTS

Belazi was observed by a Bloomington police officer driving his automobile erratically and abruptly changing lanes. The officer stopped Belazi and upon approaching the vehicle detected an odor of alcohol on Belazi's breath. A subsequent breathalyzer test indicated a blood alcohol level of .195%. Belazi was placed under arrest for operating a vehicle while intoxicated.

On June 29, 1987, Belazi appeared for a mass reading of rights in an initial hearing. At the hearing Belazi was given an acknowledgment of rights form. He read the form, initialed each right, and signed it at the designated place. When asked by the trial court, Belazi denied that he had any questions concerning his rights. Belazi entered a plea of not guilty and a trial was set for August 3, 1987.

On July 27 Belazi appeared for his pretrial conference and requested appointment of the Monroe County Public Defender which was granted. On July 30 the public defender entered his appearance and requested a jury trial. The trial court denied the request because it was not timely filed pursuant to Ind.Rules of Procedure, Criminal Rule 22. The scheduled trial date was continued to August 19 upon Belazi's request at which time he again requested a jury trial. The trial court also denied this request. Following the bench trial, Belazi was convicted of operating a vehicle while intoxicated. He subsequently instituted this appeal.

## ISSUE

Belazi presents one issue for our review and that is whether the trial court erred in denying his request for a jury trial.

## DISCUSSION AND DECISION

The right of an accused to have a trial by an impartial jury is guaranteed by the Indiana and United States Constitutions. *Duncan v. Louisiana* (1968), 391 U.S. 145,

88 S.Ct. 1444, 20 L.Ed.2d 491; *Stevenson v. State* (1975), 163 Ind.App. 399, 324 N.E.2d 509; U.S. Const. amend. VI; Ind. Const. art. I, § 13. The right to a jury trial is further guaranteed by statute. IND. CODE 35–37–1–2 provides that all criminal trials be tried to a jury unless there is a joint waiver by the defendant, the prosecutor, and the trial judge.

However, Belazi's charged offenses were misdemeanors. The right to trial by jury in cases involving misdemeanor charges is controlled by Ind.Rules of Procedure, Criminal Rule 22. Criminal Rule 22 states:

> A defendant charged with a misdemeanor may demand a trial by jury by filing a written demand therefor not later than ten (10) days before his scheduled trial date. The failure of a defendant to demand a trial by jury as required by this rule shall constitute a waiver by him of trial by jury unless the defendant has not had at least fifteen (15) days advance notice of his scheduled trial date and of the consequences of his failure to demand a trial by jury.

Pursuant to this provision all misdemeanor cases are tried to the bench unless the defendant makes a timely demand for a jury trial. Thus, one charged with a misdemeanor can waive a jury trial by failing to request it.

Citing *Boykin v. Alabama* (1969), 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274, Belazi argues, however, that a waiver of the right to a jury trial cannot be presumed from a silent record. In *Casselman v. State* (1985), Ind.App., 472 N.E.2d 1310, this court stated that C.R. 22 meets this mandate by requiring the trial court to advise the defendant of the consequences of failing to demand a jury trial not later than ten days prior to the trial date in order to constitute a valid waiver of the right.[1]

At his initial hearing held on June 29, Belazi was given an acknowledgment of rights form. The form stated in pertinent part:

> I understand that I have the right to a trial by jury of six (6) impartial persons from the community. I understand that I must file a written request for trial by jury at least ten (10) days in advance of my scheduled trial date.

> I understand that if I do not file a written request for trial by jury within that time a judge will hear the evidence and determine if the State of Indiana has proven my guilt beyond a reasonable doubt.

*Record* at 5. Belazi read, initialed, and signed the form. When called before the bench he denied having any questions about his rights. By way of the acknowledgment of rights form Belazi received written advisement that he had a right to trial by jury and informed that the consequence of failing to make a timely request for a jury trial would result in a trial before the judge. Therefore, pursuant to C.R. 22, Belazi effectively waived his right to a jury trial in this case when he failed to demand a jury trial within the time limit prescribed by the rule.

Belazi also contends that his waiver is invalid because it occurred when he was not represented by counsel. We are unpersuaded by this argument. We do not believe that representation by counsel is essential in order for a defendant to waive the right to a jury trial under C.R. 22. Belazi cites no Indiana case which holds otherwise, nor are we aware of any.

Accordingly, for the above reasons, the judgment is affirmed.

Judgment affirmed.

ROBERTSON and BUCHANAN, JJ., concur.

---

**1.** Criminal Rule 22 is a rule promulgated by our supreme court. We presume the supreme court considered it constitutional. It is not our prerogative to challenge that decision.