**Heinrich S. WEIDNER, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

**No. 06A04–8806–CR–177.**

Court of Appeals of Indiana, Fourth District.

Nov. 30, 1988.

---

Brad C. Angleton, R. Victor Stivers, R. Victor Stivers & Associates, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

CONOVER, Presiding Judge.

Defendant–Appellant Heinrich Weidner (Weidner) appeals his conviction for operating a vehicle while intoxicated, a class A misdemeanor, reckless driving, a class B misdemeanor, and speeding, a class C infraction.

We reverse and remand for a new trial.

The sole issue Weidner presents on appeal is whether the trial court erred in denying him a trial by jury.

In August, 1987, the police clocked Weidner by radar driving 72 miles per hour (m.p.h.) in a 30 m.p.h. zone. When the police stopped Weidner and spoke with him, they noticed a strong odor of alcohol. They asked Weidner to perform the field sobriety test, which he failed. A breathalyzer test was administered indicating blood alcohol content of .20%.

On August 24, 1987, Weidner was charged with the offenses of driving while intoxicated, reckless driving, and speeding. The same day he appeared for his initial hearing, without counsel, where he was informed the charges were set for trial on October 19, 1987. On October 16, 1987, Attorney John Donaldson (Donaldson) entered his appearance on Weidner's behalf and requested a continuance. The trial court rescheduled trial for November 23, 1987. Victor Stivers (Stivers), another attorney, then filed a second motion for continuance on November 16, 1987. The trial court granted the motion and rescheduled trial for January 4, 1988. Thereafter, Stivers filed a request for trial by jury on December 1, 1987. The trial court deferred ruling upon the request stating Stivers had never entered an appearance on Weidner's behalf and Donaldson was still the attorney of record. On December 7, 1987, Stivers filed his appearance in the cause at which time the trial court denied the jury request as untimely under Ind. Rules of Procedure, Criminal Rule 22. One week later, on December 14, 1987, Stivers filed another motion for a trial by jury, which was also denied as untimely on the same basis. On January 4, 1988, after a bench trial, Weidner was found guilty on all three charges and sentence was imposed. Weidner now appeals.

Weidner contends the trial court erred in denying him a trial by jury. He maintains he did not knowingly, intelligently, and voluntarily waive his right to a jury trial because he was never properly advised of the right. We agree.

The right to a trial by jury in misdemeanor cases is controlled by Ind. Rules of Procedure, C.R. 22 which states:

A defendant charged with a misdemeanor may demand a trial by jury by filing a written demand therefor not later than ten (10) days before his scheduled trial date. The failure of a defendant to demand a trial by jury as required by this rule shall constitute a waiver by him of trial by jury unless the defendant has not had at least fifteen (15) days advance notice of his scheduled trial date and of the consequences of his failure to demand a trial by jury.

We recently interpreted C.R. 22 in *Vukodinovich v. State* (1988), Ind.App., 529 N.E. 2d 837, 838. We held a waiver is not valid unless the trial court advises a defendant of the consequences of his failure to demand a jury trial no later than ten days prior to the trial date. We further held it is fundamental error for a court to deny a defendant a jury trial without first eliciting a personal waiver from him. *Id.* In *Casselman v. State* (1985), Ind.App., 472 N.E. 2d 1310, 1311, note 1, we held there can be no waiver absent the trial court's affirmative advisement to a defendant he waives his right to a jury trial unless he demands it no later than ten days prior to the scheduled trial date. Where a defendant is not advised in accordance with C.R. 22, his failure to request a jury trial cannot be

deemed a waiver. *Wilson v. State* (1983), Ind.App., 453 N.E.2d 340, 342.

Here, the trial judge advised Weidner at his initial hearing as follows:

> THE COURT: ... You have a right to a public and speedy trial by court or by jury. If you sought to have a jury trial you must notify this court in writing of that request at least ten days before the matter is set for a court trial.

(S.R.5).

The trial judge failed to adequately advise Weidner of the consequences of failing to demand a jury trial. While the trial judge did mention the necessity of making such a request no later than ten days prior to the scheduled trial date, he at no time disclosed the failure to make the request would waive Weidner's right to a jury trial. Because the advisement was insufficient, there was no valid waiver of a jury trial.

Reversed and remanded for a new trial.

SHIELDS, P.J., and MILLER, J., concur.