Sarah COMBS, Defendant–Appellant,

v.

STATE of Indiana, Plaintiff–Appellee.

No. 53A01–8809–CR–275.

Court of Appeals of Indiana,
First District.

Feb. 3, 1989.

Samuel S. Shapiro, Berry Benson Brown Mills & Shapiro, Bloomington, for defendant-appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for plaintiff-appellee.

RATLIFF, Chief Judge.

## STATEMENT OF THE CASE

Sarah Combs appeals from the Monroe Superior Court her conviction for operating a vehicle while intoxicated.[1] We affirm.

## FACTS

On November 23, 1987, Sarah Combs was charged with operating a vehicle while intoxicated and operating a vehicle with .10% or more blood alcohol content. At the initial hearing Combs pleaded not guilty. The trial court gave Combs an acknowledgment of rights form which read in part as follows:

"I understand that I have the right to a trial by jury of six (6) impartial persons from the community. I understand that I must file a written request for trial by jury at least ten (10) days in advance of my scheduled trial date.

"I understand that if I do not file a written request for trial by jury within that time a judge will hear the evidence and determine if the State of Indiana has proven my guilt beyond a reasonable doubt."

Record at 7. Combs read, initialed, and signed this form. The trial court set a pre-trial hearing date of January 4, 1988, and a trial date of January 11, 1988. On December 29, 1987, the trial court reset the pretrial hearing and trial dates to January 19, and January 26, 1988, respectively. On January 19, 1988, Combs' attorney filed an appearance, moved for a continuance, and filed a demand for a jury trial. The trial court granted the continuance, but denied the jury trial demand. The trial date was reset for February 23, 1988. On January 21, 1988, Combs filed a second demand for a jury trial. The trial court denied this demand on February 1, 1988. Combs filed a third demand which the trial court denied on February 5, 1988. A bench trial was held on February 23, 1988, over Combs' objection. On March 3, 1988, the trial court found Combs guilty of operating a vehicle while intoxicated and not guilty of operating a vehicle with a .10%, or more blood alcohol content. On March 21, 1988, the trial court held a sentencing hearing and entered a judgment of conviction. Combs appeals the trial court's denial of her jury trial demands.

## ISSUE

While Combs raises two (2) issues, we consolidate and rephrase them into the following issue:

Whether the trial court erred under Indiana Rules of Procedure, Criminal Rule 22 by rejecting Combs' demand for a jury trial?

## DISCUSSION AND DECISION

■ Combs argues that the trial court erred in determining that she waived her right to a jury trial. Specifically, Combs argues that the acknowledgment of rights form insufficiently advised her of her right to a jury trial, and the consequences of a failure to make a timely demand therefor under Criminal Rule 22. Combs' argument fails. In *Belazi v. State* (1988), Ind.App., 525 N.E.2d 351 (transfer pending), this court held that the same form of written advisement was sufficient to trigger the demand and time requirements of C.R. 22. Therefore, we find no merit to this argument.

■ Combs argues also that the trial court improperly rejected her demand for a

---

1. Indiana Code section 9–11–2–2.

jury trial because she filed her demand within the time limits of C.R. 22, which provides as follows:

"Trial by jury in misdemeanor cases; demand; notice; waiver

"A defendant charged with a misdemeanor may demand a trial by jury by filing a written demand therefor not later than ten (10) days before his scheduled trial date. The failure of a defendant to demand a trial by jury as required by this rule shall constitute a waiver by him of trial by jury unless the defendant has not had at least fifteen (15) days advance notice of his scheduled trial date and of the consequences of his failure to demand a trial by jury."

Combs argues that the terms "scheduled trial date" refers to the *actual* date the defendant is tried. Thus, Combs argues that since she filed a jury trial demand ten (10) days before the actual trial date, she did not waive her right under C.R. 22. The State argues that the terms "scheduled trial date" refers to the *first* scheduled trial date. Thus, the State argues that since Combs did not file at least ten (10) days before the first scheduled trial date she waived her right to a jury trial. We agree with the State.

The Supreme Court Committee Note to C.R. 22 provides as follows: "This is a new rule. It prevents last second demands for trials by jury. It does not confer a new right to withdraw a valid waiver of a trial by jury made earlier." The committee note clearly indicates that this rule prohibits last second demands. In addition this note indicates that C.R. 22 does not provide a defendant with a new right to withdraw a valid waiver of the right to a jury trial. Although the language of this note does not conclusively support the State's argument that C.R. 22 refers to the *first* scheduled trial date, the committee note clearly rejects Combs' position which would allow a defendant to withdraw a previous valid waiver and revive a jury trial right by obtaining a last second continuance of the scheduled trial date. We note that Combs' position also conflicts with the rule which provides that once a defendant waives the right to a jury trial, the withdrawal of the waiver rests within the sound discretion of the trial court. *See, Woodson v. State* (1986), Ind., 501 N.E.2d 409, 411. Therefore, we hold that C.R. 22 refers to the first scheduled trial date.

Our holding gains support from the decision of *Belazi v. State* (1988), Ind.App., 525 N.E.2d 351 (transfer pending). In *Belazi,* the trial court read the defendant his rights and provided him with an acknowledgment of rights form. Belazi read the form, initialed each right, and signed the form in the designated place. The trial court then asked Belazi if he had any questions concerning his rights. Belazi responded in the negative, and pleaded not guilty. Thereafter, the trial court set a trial date of August 3, 1987. On July 30, 1987, the public defender appeared on behalf of Belazi and filed a demand for a jury trial. The trial court denied this demand as untimely under C.R. 22. Thereafter, Belazi requested and obtained a continuance of the trial date to August 19. Belazi then filed a second demand for a jury trial which was denied. After a bench trial, Belazi was convicted of operating a vehicle while intoxicated. Belazi appealed challenging the propriety of the trial court's denial of his jury trial demand. *Id.* at 351.

This court, in an opinion written by Judge Neal, rejected Belazi's challenge and held that under C.R. 22 Belazi waived his jury trial right by not filing a demand within the prescribed time period. *Id.* at 352. Although Judge Neal's opinion does not specifically state that C.R. 22 refers to the first scheduled trial date, such a statement is implicit in the holding of the case.

Combs argues, however, that the holding in Belazi conflicts with the earlier case of *Shady v. State* (1988), Ind.App., 524 N.E.2d 44, and should not be followed. In *Shady,* the defendant was arrested on January 1, 1987, and charged with operating a vehicle while intoxicated. On January 5, 1987, an attorney entered an appearance on behalf of Shady and the cause was continued. At a February 24, 1987, hearing Shady did not personally appear and his attorney waived trial by jury. A bench trial was set for

March 31, 1987. On March 23, 1987, a second attorney entered an appearance on behalf of Shady and filed a demand for a jury trial. The trial court denied this demand. A second demand for a jury trial was filed on April 15, 1987. The trial court denied the second demand. A bench trial was held on April 28, 1987, which resulted in Shady's conviction. Shady appealed and challenged the trial court's determination that Shady waived his right to a jury trial. *Id.* at 44–45.

The Court of Appeals, in a split decision, held that Shady had not waived his right to a jury trial. Judge Hoffman writing for the majority opined as follows:

"The record in this case discloses that Shady did not personally waive his right to a jury trial in that there is no indication that he was present at the time. *Cf. Smith* [*v. State* (1983), Ind.App.] *supra,* 451 N.E.2d [57] at 60 (Court specifically did not address whether a waiver by counsel in defendant's presence could satisfy the requirement that the waiver be personal). Shady submitted an uncontroverted affidavit stating *inter alia* that he did not authorize his first attorney to waive a trial by jury on his behalf. Consequently, the trial court erred in denying Shady a trial by jury based upon the alleged waiver by his first attorney.[1]

[1] Because the trial court stated that it was denying Shady's motion for a trial by jury based upon the waiver by his first attorney, and because Shady's motion for a jury trial made before the April 28, 1987 trial date appeared to be timely pursuant to Ind.Rules of Procedure, Crim.Rule 22, this Court need not discuss any possible implications of Crim.Rule 22."

*Id.* at 45–46. Judge Neal dissented to this holding, and argued as follows:

"Secondly, Shady did not demand a jury trial within 10 days prior to the first scheduled trial date. Under Ind.Rules of Procedure, Criminal Rule 22, he has waived that right. In accordance with C.R. 22, there is no need to address the matter of personal waiver of the right to a jury which applies to felonies."

*Id.* at 46.

The holding of *Belazi* clearly conflicts with the dicta in the footnote in *Shady.* However, the holdings of *Shady* and *Belazi* are not totally irreconcilable. In *Shady,* the requirements of C.R. 22 never were activated as the defendant was not advised of his right to a jury trial or of the consequences of a failure to make a demand for a jury trial. Thus, Shady could not waive his right under C.R. 22. In *Belazi,* on the other hand, the defendant was advised of his rights and of the consequences of a failure to make a timely demand. Thus, Belazi did waive his jury trial right by not making a demand within C.R. 22's time requirements. Thus, the ultimate holdings of *Shady* and *Belazi* do not conflict. However, to the extent these cases do conflict we reject the dicta in *Shady* and follow the import of the holding in *Belazi.*[2] Therefore, since Combs failed to file a demand not later than ten (10) days before the first scheduled trial date, under C.R. 22 she waived her right to a jury trial.

AFFIRMED.

CONOVER, P.J., and NEAL, J., concur.

**2.** We note that any disagreement as to the time requirements of Criminal Rule 22 has been eliminated by the Indiana Supreme Court's recent amendment to the rule which provides as follows:

"Criminal Rule 22. Trial By Jury in Misdemeanor Cases: Demand: Notice: Waiver

"A defendant charged with a misdemeanor may demand trial by jury by filing a written demand therefor not later than ten (10) days before his *first* scheduled trial date. The failure of a defendant to demand a trial by jury as required by this rule shall constitute a waiver by him of trial by jury unless the defendant has not had at least fifteen (15) days advance notice of his scheduled trial date and of the consequences of his failure to demand a trial by jury.

"*The trial court shall not grant a demand for a trial by jury filed after the time fixed has elapsed except upon the written agreement of the state and defendant, which agreement shall be filed with the court and made a part of the record. If such agreement is filed, then the trial court may, in its discretion, grant a trial by jury.*" (underlined portion indicates amendment to rule) This amendment becomes effective on January 1, 1989.