**Ralph F. LIQUORI, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee.**

No. 12A02–8805–CR–182.

Court of Appeals of Indiana, Second District.

Oct. 2, 1989.

Charles R. Deets III, Heide Sandy Deets Kennedy Schrader & Antalis, Lafayette, for appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

SULLIVAN, Judge.

Ralph F. Liquori appeals his conviction of driving while intoxicated.

We affirm.

Liquori was charged with driving while intoxicated,[1] a class A misdemeanor, and driving without a valid operator's license,[2] a class C infraction. Liquori appeared at an initial hearing on May 26, 1987, and was advised by the court as to his jury right as follows:

"You each have the right to have a public speedy trial by jury to determine your guilt or innocence[.] Do you understand those Constitutional rights, Mr. Liquori?" Record at 72.

*    *    *    *    *    *

"Let me also note for your benefit, with regard to this being a misdemeanor case, it's not set, at this time, for a jury trial. Written request is needed ten days before trial to secure that jury right. Do you understand that?" Record at 77.

Liquori orally indicated both times that he understood.

An omnibus hearing was set for June 15, 1987, a pre-trial conference was set for July 23, 1987, and trial was set for August 3, 1987. Attorney Phillip R. Smith entered his appearance as attorney for Liquori on July 1. Approximately two weeks later, Smith moved for a continuance which was granted, and trial was rescheduled for September 9. Smith filed a second motion for a continuance on August 21, which also was granted, and trial was rescheduled for October 20, 1987. On October 15, Attorney Charles Deets entered his appearance for Liquori, filed a waiver of initial hearing, and requested a continuance. Deets additionally requested a jury trial. This was the first time that such a request was made. The court determined Deets' appearance to be supplemental as Smith had not yet withdrawn and therefore denied the request for a continuance. The court also found the waiver of initial hearing improper and denied the jury trial request as untimely.

Upon Smith's subsequent withdrawal and Deets' renewed motion for a continuance, the court rescheduled the trial for November 17, 1987. A hearing was held at trial on Liquori's objection to the bench trial, but the objection was overruled. Liquori was found guilty of driving while intoxicated.

Liquori raises several issues upon appeal, which we rephrase as follows:

1. I.C. 9–11–2–2 (Burns Code Ed.Repl.1987).

2. I.C. 9–1–4–26 (Burns Code Ed.Repl.1987.).

(1) Whether the trial court erred in not granting the defendant's request for trial by jury; and

(2) Whether there was sufficient evidence to support the conviction.

## I. JURY TRIAL REQUEST

The right to trial by jury in misdemeanor cases is controlled by Indiana Rules of Procedure, Criminal Rule 22, which at the time of Liquori's trial provided as follows:

"A defendant charged with a misdemeanor may demand a trial by jury by filing a written demand therefor not later than ten (10) days before his scheduled trial date. The failure of a defendant to demand a trial by jury as required by this rule shall constitute a waiver by him of trial by jury unless the defendant has not had at least fifteen (15) days advance notice of his scheduled trial date and of the consequences of his failure to demand a trial by jury."

In determining whether Liquori was wrongfully denied his right to a jury trial, we must first determine whether Liquori was adequately informed concerning Criminal Rule 22, and second, determine whether Liquori timely filed a request for a jury trial.

### A. Adequacy of Advisement

In order for a defendant's failure to demand a jury trial to constitute a waiver, the defendant must receive fifteen (15) days advance notice both of his scheduled trial date and of the consequences of his failure to demand a trial by jury. Although Liquori received proper notice of his trial date, Liquori contends that the court's advisement of the consequences of his failure to make a timely demand was faulty because the court failed to inform him of the difference between a jury trial and a bench trial and also failed to specifically inform him

that he would lose the right to trial by jury if he did not request it timely.

Although our Supreme Court has yet to speak on what precisely was contemplated by the term "consequences," the court has previously held that there is no statutory or constitutional requirement that the trial judge explain to the defendant the difference between a trial by court and a trial by jury; nor is there any requirement that the record demonstrate that the defendant understood the difference. *Earl v. State* (1983), Ind., 450 N.E.2d 49; *Kennedy v. State* (1979), 271 Ind. 382, 393 N.E.2d 139, cert. denied (1980), 444 U.S. 1047, 100 S.Ct. 737, 62 L.Ed.2d 734. Although *Earl* and *Kennedy* involved felony charges and C.R. 22 was not implicated, the Supreme Court did not indicate any reason to impose a higher standard with regard to advisements in misdemeanor cases than in the more serious felony cases. The promulgation of a rule which provides a procedure by which the right to a jury could be waived in misdemeanor cases does not imply that new substantive advisements regarding the nature of the jury trial are required.[3] Our conclusion is buttressed by dictum in *Hutchins v. State* (1986) Ind., 493 N.E.2d 444, wherein the court, in discussing whether an on-the-record hearing was required, found no merit in the appellant's contention that misdemeanants are afforded more protection than are felons regarding waiver of the right to trial by jury.

Liquori's argument appears to be directed at the nature of the advisement required to apprise him of his right to a jury in the first place—not to the consequences of failing to request one. In this regard, we note that although some courts have held that certain facets of the jury trial must be explained to the defendant in order for his waiver of this right to be truly knowledgeable,[4] our supreme court has mandated no

---

**3.** We acknowledge that *Wilson v. State* (1983), 1st Dist. Ind.App., 453 N.E.2d 340 contains a contrary view.

**4.** *See, e.g., United States v. Delgado* (1981), 7th Cir., 635 F.2d 889 (court must explain to the defendant the following before accepting a jury waiver: 1) that a jury is composed of twelve

members of the community, 2) that the defendant may participate in the selection of jurors, 3) that the verdict of the jury must be unanimous, and 4) that if the defendant waives a jury trial, the judge alone will determine guilt or innocence); *Commonwealth v. Williams* (1982), 301 Pa.Super. 271, 447 A.2d 963 (basic ingredi-

specific form of advisement to be given. We note also that the advisements given in *Belazi v. State* (1988), 1st Dist. Ind.App., 525 N.E.2d 351, and *Combs v. State* (1989), 1st Dist. Ind.App., 533 N.E.2d 1241, *trans. pending*, discussed *infra*, were held sufficient and yet contained no such explanation.

Liquori also contends that the advisement was deficient because the court failed to advise him specifically that he would waive his right if he failed to request it.

In *Vukadinovich v. State* (1988), 3rd Dist. Ind.App., 529 N.E.2d 837, the defendant was generally advised of his right to a jury trial by a form entitled "Your Rights," but the document made no mention of the C.R. 22 ten-day rule or the consequences of failing to adhere to it; nor did the trial court at any time advise the defendant of the rule's time constraints. The Third District held that the waiver was invalid.

In *Belazi, supra*, 525 N.E.2d 351, 352, the following written advisement was held sufficient:

"I understand that I have the right to a trial by jury of six (6) impartial persons from the community. I understand that I must file a written request for trial by jury at least ten (10) days in advance of my scheduled trial date.

I understand that if I do not file a written request for trial by jury within that time a judge will hear the evidence and determine if the State of Indiana has proven my guilt beyond a reasonable doubt."

This advisement was also used and upheld in *Combs, supra*, 533 N.E.2d 1241.

■ We conclude that the advisement given Liquori was sufficient to notify him of the consequences of his failure to timely file a request—no jury trial. In so doing, we distinguish *Weidner v. State* (1988), 4th Dist. Ind.App., 530 N.E.2d 774. In *Weidner*, the Fourth District found the following advisement to be deficient:

"THE COURT: You have the right to a public and speedy trial by court or by jury. If you sought to have a jury trial you must notify this court in writing of that request at least ten days before the matter is set for a court trial." *Id.* at 776.

The court reasoned that "while the trial judge did mention the necessity of making such a request no later than ten days prior to the scheduled trial date, he at no time disclosed the failure to make the request would waive Weidner's right to a jury trial." *Id.*

Although we consider the advisement used in *Belazi* and *Combs* to be a model advisement, to hold the advisement here fatally deficient would elevate form over substance.[5] Liquori was told the case was not currently set for a jury trial and that in order to secure his right to a jury, he had to request it. Implicit in the advisement was that if he failed to do so, he waived the right. Furthermore, Liquori makes no claim that he was misled and thought he would receive no trial, i.e., go free, if he did not request a jury trial; nor does he claim incompetency or below-average intelli-

ents of jury trial, the understanding of which are necessary to a knowing, intelligent waiver, are the requirements that the jury be chosen from the community, its verdict must be unanimous, and the defendant will be allowed to participate in its selection); *cf. Seattle v. Williams* (1984), 101 Wash.2d 445, 680 P.2d 1051 (a municipal court rule providing that defendant will be deemed to have waived his right to a jury trial unless he demands one in writing within ten days after entering his plea or ten days of receipt of notice of appearance of counsel requires that defendant first be informed of his constitutional right to jury trial before the court and on the record, and if defendant indicates he wants to waive this right, he must be informed he has a minimum of ten days to change his mind and request a jury trial; the conditional waiver made at arraignment must be in writing).

5. We note that advisements were held lacking or insufficient in several other cases, but it is unclear from the opinions as to the precise advisements given. *See, Casselman v. State* (1985), 3d Dist. Ind.App., 472 N.E.2d 1310; *Wilson v. State* (1983), 1st Dist. Ind.App., 453 N.E.2d 340; *Suits v. State* (1983) 2d Dist. Ind. App., 451 N.E.2d 375, *overruled on other grounds* in *Kimberling v. State* (1988), Ind., 520 N.E.2d 442.

gence.[6]

## B. *Timing of Request*

Liquori also contends that his request for jury trial was timely because it had been filed more than ten days before "the ultimate trial date." Appellant's Brief at 14. Liquori argues that "once such a request is made, it should be allowed to stand if the trial date eventually meets the ten (10) day requirement." *Id.* at 15. The actual request for a jury trial was filed five days prior to Liquori's third scheduled trial date. According to Liquori's reasoning, the request became timely once the court granted his motion for a continuance and rescheduled the trial for its fourth and final trial date of November 17, 1987.

█ A similar argument was made and rejected in *Combs, supra,* 533 N.E.2d 1241. The First District decision inferred from the Supreme Court Committee Note to C.R. 22[7] that the term "scheduled trial date" referred to the first scheduled trial date and held that the defendant's request had not been timely filed where the trial date had been rescheduled several times. The court held that the time for making a demand was not extended by the continuances. The correctness of this holding was affirmed by our Supreme Court's subsequent amendment of the rule, effective January 1, 1989. The word "first" was inserted before "scheduled trial date."[8] We therefore hold that the trial court was correct in ruling that the request was not timely filed.

## II. SUFFICIENCY OF THE EVIDENCE

Liquori also challenges the sufficiency of the evidence.

█ Officer Bluemke testified that Liquori's car was traveling about 65 miles per hour in a 55 mile per hour zone when he caught up to it;[9] that Liquori was traveling in the left hand lane and made an abrupt lane change without a turn signal, causing a van in the right hand lane to brake to avoid a collision; that Liquori's eyes were bloodshot and he smelled of alcohol; that Liquori swayed while standing on his feet; that Liquori twice failed a finger-to-nose field sobriety test; and that the Intoxilyzer test showed a blood alcohol content of .14%.

We hold that this evidence was sufficient to establish impaired condition as required by I.C. 9–11–1–5 (Burns Code Ed.Repl. 1987). *See Collins v. State* (1986), 1st Dist. Ind.App., 491 N.E.2d 1020.

The judgment is affirmed.

BUCHANAN, J., concurs.

SHIELDS, P.J., concurs and files separate opinion.

SHIELDS, Presiding Judge, concurring.

I concur, cognizant of the fact I also concurred in *Weidner v. State* (1988), Ind. App., 530 N.E.2d 774. In my opinion, the difference in phrasing in the advisement

---

6. Liquori's claim of difficulty in obtaining adequate in-state representation (Liquori was an Illinois resident) does not persuade us otherwise. Liquori makes no claim that his first counsel was ineffective. The record shows that Phillip R. Smith, a local attorney, had entered an appearance for Liquori as of July 1. Although statements in the record would support an argument that he told counsel that he wanted a jury trial but his counsel was delinquent in requesting one, no such argument was presented on appeal.

7. This note read as follows: "This is a new rule. It prevents last second demands for trial by jury. It does not confer a new right to withdraw a valid waiver of a trial by jury made earlier."

8. The amendment also added a second paragraph, which reads as follows:
   "The trial court shall not grant a demand for a trial by jury filed after the time fixed has elapsed except upon the written agreement of the state and defendant, which agreement shall be filed with the court and made a part of the record. If such agreement is filed, then the trial court may, in its discretion, grant a trial by jury."

9. Liquori implies in his brief that Officer Bluemke's testimony as to Liquori's speeding was deficient because police radar was not involved. However, defendant cites no authority for this proposition and thus has waived any possible error. Furthermore, Liquori did not object when this evidence was offered at trial.

given Weidner and Liquori, specifically, "[i]f you sought to have a jury trial" compared to "to secure that jury right", though subtle, are sufficient to compel the contrary result.