## COMMERCIAL & MEDICAL AC-COUNTS SERVICES, INC.,
### Appellant–Plaintiff,

v.

### Michelle L. MACKINTOSH,
### Appellee–Defendant.

No. 29A02–9509–CV–539.

Court of Appeals of Indiana.

March 14, 1996.

Richard B. Gonon, Indianapolis, for Appellant.

**OPINION**

KIRSCH, Judge.

This appeal arises out of a collection action instituted by appellant-plaintiff Commercial & Medical Accounts Services, Inc. (CMAS) against appellee-defendant Michelle L. Mackintosh. CMAS claims the trial court erred by denying CMAS's request for attorney fees.

We affirm.

## FACTS AND PROCEDURAL HISTORY

Mackintosh wrote a check in the amount of $42.00 to 5–10–20 Place. The check was returned for insufficient funds. 5–10–20 Place assigned its interest to CMAS. CMAS filed a complaint on the small claims docket of the superior court, seeking recovery of actual damages, treble damages, and attorney fees pursuant to IC 34–4–30–1. The court awarded CMAS the face amount of the check ($42), the returned check fee ($20), and court costs ($30), for a total judgment of $92. The court denied CMAS's request for treble damages and attorney fees, finding that CMAS failed to prove that Mackintosh had notice of the returned check for insufficient funds. CMAS appeals.

## DISCUSSION AND DECISION

CMAS brought its collection action pursuant to IC 34–4–30–1 which provides in relevant part:

"If a person suffers a pecuniary loss as a result of a violation of IC 35–43 ..., the person may bring a civil action against the person who caused the loss for the following:

"(1) An amount not to exceed three (3) times the person's actual damages.

"(2) The costs of the action.

"(3) A reasonable attorney's fee."

IC 35–43 as referenced in the statute refers to the section of the criminal code delineating offenses against property. The particular offense at issue here is check deception which is set forth in IC 35–43–5–5. It provides:

"(a) A person who knowingly or intentionally issues or delivers a check, a draft, or an order on a credit institution for the payment of or to acquire money or other property, knowing that it will not be paid or honored by the credit institution upon presentment in the usual course of business, commits check deception, a Class A misdemeanor...."

. . . .

"(e) It is a defense under subsection (a) if a person who:

"(1) has an account with a credit institution but does not have sufficient funds in that account; and

"(2) issues or delivers a check, a draft, or an order for payment on that credit institution;

"pays the payee or holder the amount due, together with protest fees and any service fee or charge, ... that may be charged by the payee or holder, within ten (10) days after the date of mailing by the payee or holder of notice to the person that the check, draft or order has not been paid by the credit institution."

■ At trial, Mackintosh acknowledged writing the check that was returned for insufficient funds. She explained that her failure to make good on the check was because she was never notified of the problem. CMAS presented no evidence or witnesses "to either nullify or put into contention the notice problem." *Record* at 19. The trial court denied CMAS's request for attorney fees because CMAS failed to establish that Mackintosh had notice that the check was dishonored.

CMAS claims the trial court erred in denying its request for attorney fees because once CMAS proved actual damages, the trial court was required to award attorney fees. CMAS asserts that notice is a defense to a check deception charge and, as such, is unavailable in a civil action under IC 34–4–30–1, citing *Parrish v. Anne Selig Marek, P.C.,* 537 N.E.2d 39 (Ind.Ct.App.1989), *trans. denied.*

■ CMAS is correct that *Parrish* held the defenses in IC 35–43–5–5(f) do not apply to a civil action under IC 34–4–30–1. *Id.* at 42.[1] The issue of notice, however, is not a defense to check deception; it is an element of the offense. *Suits v. State,* 451 N.E.2d 375, 381 (Ind.Ct.App.1983).[2] Without proof

---

1. The present case involves subsection (e) as opposed to subsection (f) of IC 34–4–30–1. Our analysis does not depend on any particular subsection thereby making this distinction immaterial.

2. We recognize that our supreme court has disagreed with this court on the notice issue. *See Henderson v. State,* 647 N.E.2d 7, 15 n. 3 (Ind.Ct.App.1995), *trans. denied.* This disagreement, however, arose over the sufficiency of the notice required, not over whether notice was an ele-

of the notice element, CMAS failed to establish a violation of IC 35–43. Without establishing a violation of IC 35–43, CMAS is not entitled to recover attorney fees under IC 34–4–30–1.

Affirmed.

SULLIVAN and DARDEN, JJ., concur.

ment of the offense. *See Kimberling v. State,* 520 N.E.2d 442 (Ind.1988).