Christopher JACKSON, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A02–9404–CR–239.

Court of Appeals of Indiana, Third District.

Dec. 19, 1994.

Pequita Jay Buis, Buis & Associates, Indianapolis, for appellant.

Pamela Carter, Atty. Gen., Jodi Kathryn Rowe, Deputy Atty. Gen., Indianapolis, for appellee.

## *OPINION*

HOFFMAN, Judge.

Appellant-defendant Christopher Jackson appeals from his conviction for battery, a Class A misdemeanor. The facts relevant to this appeal disclose that on August 3, 1993, Jackson was charged with the battery of Pamelar K. Bullock on August 2, 1993, which resulted in bodily injury to Bullock, specifically a cut above her left eye requiring stitches. At Jackson's initial hearing, Jackson was presented with a form entitled "Municipal Court of Marion County Initial Hearing Rights." Jackson signed and dated this form. When the trial court asked Jackson whether he understood his rights, Jackson replied affirmatively. Subsequently, a bench trial was held. Jackson was found guilty and he was convicted as charged. He now appeals.

The sole issue presented for our review is: whether Jackson was adequately advised of his right to trial by jury and of the provision within Ind.Crim.Rule 22. Specifically, Jackson contends that the written advisement was insufficient to advise him of his right to a jury trial or of Crim.R. 22.

The right to a jury trial is guaranteed by the Indiana and United States Constitutions. *Duncan v. Louisiana* (1968), 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491; *Belazi v. State* (1988), Ind.App., 525 N.E.2d 351, *trans. denied;* U.S. Const. amend. VI; Ind. Const. art. I § 13. In Indiana, the right to a jury trial is further guaranteed by IND.CODE § 35–37–1–2 which provides that all criminal trials be tried to a jury unless there is a joint waiver by the defendant, the prosecutor, and the trial judge.

Jackson, however, was charged with a misdemeanor. The right to a jury trial in cases involving misdemeanor charges is controlled by Crim.R. 22. In pertinent part the rule provides:

"A defendant charged with a misdemeanor may demand a trial by jury by filing a written demand therefor no later than ten (10) days before his first scheduled trial date. The failure of a defendant to demand a trial by jury as required by this rule shall constitute a waiver by him of trial by jury unless the defendant has not had at least fifteen (15) days advanced notice of his scheduled trial date and of the consequences of his failure to demand a trial by jury."

Crim.R. 22. Thus, a defendant can waive his right to a jury trial by failing to make a timely demand. *Belazi,* 525 N.E.2d at 352. Although a defendant must be advised of his constitutional right to a jury trial, a written advisement of his rights and the consequences of failure to make a timely demand is sufficient. *Combs v. State* (1989), Ind. App., 533 N.E.2d 1241, 1242; *Belazi,* 525 N.E.2d at 352; *see also Liquori v. State* (1989), Ind.App., 544 N.E.2d 199, 202.

In the present case, during the initial hearing held on August 3, 1993, Jackson was presented with an advisement form entitled "Municipal Court of Marion County Initial Hearing Rights." Paragraph 5 of this form set forth the applicable provision within Crim.R. 22 and stated:

"You have the right to trial by jury. If you wish to have a trial by jury, you must make your request at least ten (10) days prior to your trial setting. If you do not request a jury trial at least ten (10) days prior to your trial setting, you waive you [sic] right to a trial by jury. If you want a jury trial, you must make a timely request even if you do not have an attorney."

The last line of the form stated, "I have read these rights and believe that I understand them." Jackson signed and dated this form

on August 3, 1993. By way of the acknowledgment of rights form, Jackson received written advisement that he had a right to trial by jury and was informed that the consequence of failing to make a timely request for a jury trial would result in waiver. Therefore, pursuant to Crim.R. 22, Jackson effectively waived his right to a jury trial in this case when he failed to demand a jury trial within the time limits prescribed by the rule. *See Hadley v. State* (1994), Ind.App., 636 N.E.2d 173, 175–176; *Eldridge v. State* (1994), Ind.App., 627 N.E.2d 844, 847. The judgment of the trial court is affirmed.

Affirmed.

GARRARD and BARTEAU, JJ., concur.