**Daniel KRIBS, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 49A05–0904–CR–225.

Court of Appeals of Indiana.

Dec. 14, 2009.

Joel M. Schumm, Indiana University School of Law, Indianapolis, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Arturo Rodriguez II, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

**OPINION**

BAKER, Chief Judge.

Appellant-defendant Daniel Kribs appeals his conviction for Entering a Controlled Area of an Airport with a Weapon or Explosive,[1] a class A misdemeanor, arguing that there is insufficient evidence supporting the conviction. Kribs raises

---

1.  Ind.Code § 35–47–6–1.3(1)(A).

two issues, one of which we find dispositive: whether the State failed to prove beyond a reasonable doubt that he knowingly or intentionally possessed a handgun. Following a bench trial that resulted in Kribs's conviction, the trial court observed that Kribs was unaware that he had a weapon in his possession at the time of the incident in question. Given this finding, which we may not and will not second guess, we are compelled to reverse for insufficient evidence.

## FACTS

On March 9, 2008, Kribs went to the Indianapolis airport with a loaded handgun inside the pocket of his jacket. He checked in for his flight and went to the security checkpoint, where he placed his jacket, two cameras, and a carry-on bag inside of a tray. The tray was placed on the conveyor belt and went through the X-ray machine. Kribs saw an employee call her supervisor and noticed the image of his gun on the X-ray machine. When an Indianapolis Airport Police officer arrived, Kribs admitted that he owned the jacket and the weapon. Kribs told the officer that he always carries a gun, for which he has a valid permit, and had placed it inside his jacket pocket that morning without realizing it and had forgotten that it was there when he entered the airport.

On June 19, 2008, the State charged Kribs with class A misdemeanor entering a controlled area of an airport with a weapon or explosive. The trial court found Kribs guilty following a December 16, 2008, bench trial. At Kribs's sentencing hearing, the trial court made the following statement:

> ... I think that it may very well be in this case where [Kribs] did not understand, *or he didn't remember* because

[the handgun is] such a part of his equipment, his life, his being every day, that he puts on just like he puts on his tie or his socks or something. *I don't think there was malicious intent.* But at the same time, I think that would always be a way to escape any culpability, and I don't think that the law permits that.

Tr. p. 27 (emphases added). The trial court sentenced him to thirty days in jail with twenty-eight days suspended. Kribs now appeals.

## DISCUSSION AND DECISION

Kribs argues that there is insufficient evidence supporting his conviction. When reviewing a challenge to the sufficiency of the evidence, we neither reweigh the evidence nor assess witness credibility. *Drane v. State,* 867 N.E.2d 144, 146 (Ind. 2007). Instead, we will consider only the probative evidence and reasonable inferences that may be drawn therefrom in support of the verdict. *Id.* We will affirm if a reasonable factfinder could have found the defendant guilty beyond a reasonable doubt based on the probative evidence and inferences. *Alkhalidi v. State,* 753 N.E.2d 625, 627 (Ind.2001).

Indiana Code section 35–47–6–1.3 states as follows:

> A person who knowingly or intentionally enters an area of an airport to which access is controlled by the inspection of persons and property while the person:
>
> (1) possesses:
>
>   (A) a firearm;
>
>   (B) an explosive; or
>
>   (C) any other deadly weapon; or
>
> (2) has access to property that contains:
>
>   (A) a firearm;

(B) an explosive; or

(C) any other deadly weapon;

commits a class A misdemeanor.

Kribs argues that the State failed to prove beyond a reasonable doubt that he knowingly or intentionally possessed a firearm and that he entered an area of the airport to which access is controlled.

Kribs argues that the State failed to prove that he knew he was carrying the handgun, emphasizing the general rule that "unless the statute defining the offense provides otherwise, if a kind of culpability is required for commission of an offense, it is required with respect to every material element of the prohibited conduct." Ind.Code § 35–41–2–2(d). The same statute defines "intentionally" and "knowingly" as follows:

(a) A person engages in conduct "intentionally" if, when he engages in the conduct, it is his conscious objective to do so.

(b) A person engages in conduct "knowingly" if, when he engages in the conduct, he is aware of a high probability that he is doing so.

I.C. § 35–41–2–2(a)–(b).

Here, the undisputed evidence offered at trial established that Kribs forgot that his handgun was in the inside pocket of his jacket when he entered the security checkpoint and placed it on the X-ray machine's conveyor belt. Kribs contends that whether he *should* have known that he was carrying a handgun is beside the point; the State is required to prove beyond a reasonable doubt that he *actually knew* that he was carrying the weapon.

Had the trial court remained silent, we would likely have affirmed Kribs's conviction. In such a situation, we could have inferred that the trial court did not believe Kribs's version of events or that it gave more weight to the evidence highlighted by the State that Kribs *always* carried the handgun in his jacket pocket. We would not have second-guessed such an assessment of the evidence.

As noted above, however, the trial court stated that it believed that Kribs "didn't remember" that he had the handgun in his possession when he entered the airport and that there was no "malicious intent" involved. Tr. p. 27. We agree with Kribs that "[m]ere forgetfulness does not satisfy the knowledge or intent requirement set out by the statute." Reply Br. p. 3. The trial court observed the witnesses, weighed the evidence, and concluded that Kribs was unaware he had the handgun in his possession when he entered the airport and placed it on the x-ray conveyor belt. Under these circumstances, we can only find that the State failed to prove beyond a reasonable doubt that Kribs knowingly or intentionally possessed a handgun at the time of the events in question.

The judgment of the trial court is reversed.

BAILEY, J., and ROBB, J., concur.