# FOR PUBLICATION



FILED

Aug 30 2012, 9:22 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**DARREN BEDWELL**
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ELLEN H. MEILAENDER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DANA YOUNG, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1201-JM-18 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Marilyn A. Moores, Judge
The Honorable Roseanne T. Ang, Magistrate
Cause No. 49D09-1106-JM-22878

**August 30, 2012**

**OPINION - FOR PUBLICATION**

**BRADFORD, Judge**

Appellant-Defendant Dana Young appeals following her conviction for Class B misdemeanor Failure to Ensure School Attendance.[1] In challenging her conviction, Young contends that she was unlawfully denied the right to a jury trial. Concluding that Young was adequately advised of and waived her right to a jury trial, we affirm.

**FACTS AND PROCEDURAL HISTORY**

Young is the mother of a minor child, M.D. During much of the 2010-11 school year, M.D. was enrolled at Indianapolis Public School #58 ("School 58"). During that period of time, M.D. had nine unexcused absences as well as another six or seven tardies. Melissa Neher-Phelps, counselor at School 58 whose job includes monitoring attendance, made several attempts to contact Young regarding M.D.'s unexcused absences, including four phone calls, five letters, and one in-person meeting. On February 8, 2011, Neher-Phelps provided Young with legal notice that M.D. had excessive unexcused absences and that further absences would require a medical statement from a physician to be documented as excused. The legal notice advised Young that "proceedings may be instituted against you under Indiana law" if M.D.'s attendance did not satisfy Indiana's compulsory attendance laws. State's Ex. 1, p. 14. Two of M.D.'s nine unexcused absences from School 58 occurred after Young received the legal notice concerning M.D.'s school attendance.

Beginning March 21, 2011, through the end of the 2010-11 school year, M.D. was enrolled at Indianapolis Public School #114 ("School 114"). M.D. had another unexcused absence during this time period. When contacted by Pearle Washington, the School 114

---

[1] Ind. Code § 35-42-4-9(A)(1) (2009).

2

social worker regarding M.D.'s unexcused absence, Young complained that IPS officials wanted "her to be a superwoman" and stated that M.D. had missed school on the day in question because they "overslept" and M.D. "missed the bus." Tr. p. 31. In addition to the numerous unexcused absences and tardies, M.D. also missed several days during the 2010-11school year due to illness. These absences, however, were considered to be excused.

On June 20, 2011, the State charged Young with Class B misdemeanor failure to ensure school attendance of her minor child. On August 4, 2011, the trial court conducted an initial hearing at which Young was given a written advisement of her rights, including her right to a jury trial. Young signed and dated the written advisement indicating that she had read her rights and believed that she understood them. Young's trial was initially scheduled for October 20, 2011, but was later rescheduled for November 17, 2011. A bench trial was conducted on November 17, 2011, at which Young appeared and was represented by counsel. Following the bench trial, the trial court found Young guilty as charged. On December 15, 2011, the trial court sentenced Young 120 days on probation. This appeal follows.

## DISCUSSION AND DECISION

Young contends that she was unlawfully denied the right to a jury trial. The right to a jury trial is guaranteed by the Indiana and United States Constitutions. *Jackson v. State*, 644 N.E.2d 595, 596 (Ind. Ct. App. 1994) (citations omitted). In Indiana, the right to a jury trial is further guaranteed by Indiana Code section 35-37-1-2 (2009), which provides that all criminal trials be tried to a jury unless there is a joint waiver by the defendant, the prosecutor, and the trial judge, and Indiana Code section 31-32-6-7(b) (2009), which provides that a trial

3

of an adult charged with a crime arising in the juvenile code shall be trial to a jury unless the adult requests a bench trial.

However, in misdemeanor cases, the right to a jury trial is not self-executing but is controlled by Indiana Rule of Criminal Procedure 22 ("Criminal Rule 22"). *Liquori v. State*, 544 N.E.2d 199, 201 (Ind. Ct. App. 1989). In relevant part Criminal Rule 22 provides:

> A defendant charged with a misdemeanor may demand a trial by jury by filing a written demand therefor no later than ten (10) days before [her] first scheduled trial date. The failure of a defendant to demand a trial by jury as required by this rule shall constitute a waiver by [her] of trial by jury unless the defendant has not had at least fifteen (15) days advanced notice of [her] scheduled trial date and of the consequences of [her] failure to demand a trial by jury.

Thus, when charged with a misdemeanor, a defendant can waive her right to a jury trial by failing to make a timely demand for trial by jury. *Jackson*, 644 N.E.2d at 596 (citing *Belazi v. State*, 525 N.E.2d 351, 352 (Ind. Ct. App. 1988), *trans. denied*). Further, although a defendant must be advised of her constitutional right to a jury trial, a written advisement of her rights and the consequences of failure to make a timely demand is sufficient to act as a waiver of said right. *Id.* (citing *Combs v. State*, 533 N.E.2d 1241, 1242 (Ind. Ct. App. 1989); *Belazi*, 525 N.E.2d at 352).

Here, Young concedes that she was charged with a misdemeanor. However, in alleging that she was denied her constitutional right to a jury trial, Young argues that Criminal Rule 22 should not apply to the instant matter because she was charged with a misdemeanor that arose from an offense set forth in the juvenile code. Thus, Young claims Indiana Code section 31-32-6-7(b) should apply rather than Criminal Rule 22. Young further

4

claims that under Indiana Code section 31-32-6-7(b), she was denied her constitutional right to a jury trial because she did not explicitly request a bench trial. Young, however, provides no authority supporting her position that Criminal Rule 22 does not apply to criminal misdemeanor charges arising from offenses set forth in the juvenile code, and we find none. Because Young was charged with a misdemeanor criminal offense, we conclude that Criminal Rule 22 applies to the instant matter. *See generally Liquori*, 544 N.E.2d at 201 (applying Criminal Rule 22 to misdemeanor charges arising under Title 9 of the Indiana Code).

Young further claims that even if Criminal Rule 22 does apply, the written advisement given by the court during her initial hearing was insufficient to advise her of the consequences of waiving her right to a jury trial. Here, during the initial hearing held on August 4, 2011, Young was presented with an advisement form entitled "Marion Superior Court Juvenile Division Initial Hearing Rights." Appellant's App. p. 56. Paragraph five of this form set forth the applicable provision within Criminal Rule 22 and stated:

> You have the right to trial by jury. If you wish to have a trial by jury, you must make your request at least ten (10) days prior to your trial setting. If you do not request a jury trial at least ten (10) days prior to your trial setting, you waive your right to a trial by jury. If you want a jury trial, you must make a timely request even if you do not have an attorney.

Appellant's App. p. 56. The last line of the form stated, "I have read these rights and believe that I understand them." Appellant's App. p. 56. Young signed and dated this form on August 4, 2011.

Young claims that the above-stated advisement is insufficient because she was not

5

"adequately advised of the consequences of failure to request a jury trial." Appellant's Br. p. 5. In *Jackson*, the defendant was given a form setting forth his initial hearing rights that was identical to that given to Young. 644 N.E.2d at 596. The defendant challenged the advisement, claiming that the written advisement was insufficient to advise him of his right to a jury trial or of Criminal Rule 22. *Id*. Upon appeal, this court concluded that the written advisement was adequate to advise the defendant of his right to a jury trial and that the consequence of failing to make a timely request for a jury trial would result in waiver. *Id*. at 597. Thus, this court concluded that the defendant had effectively waived his right to a jury trial by failing to demand a jury trial within the time limits prescribed by Criminal Rule 22. *Id*.

In light of our conclusion that an identical advisement was sufficient to warn criminal defendants of their right to a jury trial and that the consequence of failing to make a timely request for a jury trial results in waiver of said right, we cannot agree that Young was not adequately advised of the consequences of her failure to request a jury trial. Young was given the advisement form during her initial hearing, which occurred more than ten days before her initial trial setting. Young signed the advisement indicating that she had both read and understood the advisement. Young, however, failed to request a jury trial within the time proscribed by the advisement and Criminal Rule 22. In light of Young's failure to request a jury trial after indicating that she understood the time limitations set forth in paragraph five of the advisement of her rights, we conclude that here, as in *Jackson*, Young effectively waived her right to a jury trial, and accordingly, cannot successfully challenge the trial

6

court's failure to conduct a jury trial rather than a bench trial. *See generally, id.*

The judgment of the trial court is affirmed.

ROBB, C.J., and BAKER, J., concur.