**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Sep 11 2012, 10:37 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**VICTORIA L. BAILEY**
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KATHERINE MODESITT COOPER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| J.G., ) | |
| ) | |
| Appellant-Respondent, ) | |
| ) | |
| vs. ) | No. 49A02-1201-JV-17 |
| ) | |
| STATE OF INDIANA, ) | |
| ) | |
| Appellee-Petitioner. ) | |

APPEAL FROM THE MARION SUPERIOR COURT, JUVENILE DIVISION
The Honorable Marilyn A. Moores, Judge
The Honorable Scott Stowers, Magistrate
Cause No. 49D09-1105-JD-1361

**September 11, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

J.G. appeals the finding that he committed what would be Class D felony receiving stolen property if committed by an adult.[1]  As there was sufficient evidence to support his adjudication, we affirm.

## FACTS AND PROCEDURAL HISTORY

On April 19, 2011, A.B. was in the boy's locker room at Southport Middle School preparing for baseball practice.  A.B. owned a cell phone and placed it in his backpack inside his locker and went to practice.  J.G. entered the locker room and stole the phone. A.B. and his father tracked the cell phone's usage and determined someone was using the cell phone to make calls and search the Internet.  J.G. took the cell phone to J.W.'s house and he left it with J.W., who took it to school the next morning and hid it in the bathroom.

On May 26, 2011, the State alleged J.G. was a delinquent child for committing theft[2] and for receiving stolen property, each of which is an act that would be a Class D felony if committed by an adult.  The juvenile court entered a true finding as to receiving stolen property, but not theft, and adjudicated J.G. a delinquent.  The court ordered J.G. to serve six months probation and to complete forty hours of community service.

## DISCUSSION AND DECISION

J.G. challenges the sufficiency of the evidence supporting his adjudication. When the State seeks to have a juvenile adjudicated a delinquent for committing an act that would be a crime if committed by an adult, the State must prove every element of that crime beyond a

---

[1] Ind. Code § 35-43-4-2(b).
[2] Ind. Code § 35-43-4-2(a).

2

reasonable doubt. *A.E.B v. State*, 756 N.E.2d 536, 540 (Ind. Ct. App. 2001). When reviewing the sufficiency of the evidence supporting a juvenile adjudication, we neither reweigh the evidence nor judge the credibility of the witnesses. *Id.* We consider only "the evidence of probative value and the reasonable inferences that support the determination." *Id.*

The State had to prove J.G knowingly or intentionally received, retained or disposed of the property of another person, which property had been the subject of theft. Ind. Code § 35-43-4-2(b). In addition to proving the elements of the crime, the State must also prove beyond a reasonable doubt that the person knew the property was stolen. *Fortson v. State* 919 N.E.2d 1136, 1139 (Ind. 2010). "Knowledge that the property is stolen may be inferred from the circumstances surrounding the possession." *Id.*

The State provided sufficient evidence J.G. knew the phone was stolen.[3] Possession of recently stolen property when joined with evasive or false statements or an unusual manner of acquisition may be sufficient evidence of knowledge that the property was stolen. *Purifoy v. State*, 821 N.E.2d 409, 414 (Ind. Ct. App. 2005), *trans. denied*. J.G. admitted he was in the locker room where A.B. stored his cell phone. When questioned by school administrators, J.G. said he found the cell phone in the locker room. He did not turn the cell phone over to any of the coaches present, and he used the cell phone later in the day before

---

[3] J.G., relying on *Kribs v. State*, 917 N.E.2d 1249, 1251 (Ind. Ct. App. 2009), argues the facts summarized by the court when entering its adjudication demonstrate the evidence was insufficient to support the adjudication. We disagree. In *Kribs*, the trial court explicitly stated it did not believe Kribs had the requisite knowledge to commit the offense. *Id.* In contrast, herein, the juvenile court made no statement that directly contradicted an element of the offense for which J.G. was found delinquent.

leaving it at J.W.'s house.  Based on the evidence, the trial court could find beyond a reasonable doubt that J.G. knowingly received, retained or disposed of stolen property. Therefore, we affirm his adjudication.

Affirmed.

NAJAM, J., and CRONE, J., concur.

4