## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 11 2015, 8:39 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANT

Sarah A. Hurdle, Certified Legal Intern
Joel M. Schumm
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Jodi Kathryn Stein
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Walter Pittman,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

December 11, 2015

Court of Appeals Case No.
49A02-1504-CR-221

Appeal from the Marion Superior Court

The Honorable Clayton Graham

Trial Court Cause No.
49G07-1410-CM-47913

**Vaidik, Chief Judge.**

# Case Summary

[1] Walter Pittman appeals his conviction for Class A misdemeanor resisting law enforcement, arguing that he was unlawfully denied a jury trial, and that the evidence is insufficient for the trial court to find he "forcibly" resisted. We find that his request for a jury trial was untimely and properly rejected by the trial court, and that the evidence is sufficient to support the conviction. Therefore, we affirm.

# Facts and Procedural History

[2] On October 16, 2014, Pittman and a friend were working underneath a truck in front of Pittman's home when officers from the Indianapolis Metropolitan Police Department East District Narcotics Team arrived in their raid van. IMPD Officer John Schweers was following the van in a fully marked police car. The officers were executing a no-knock search warrant for narcotics, which was issued based on a sale of cocaine to a police informant that occurred at Pittman's address. However, the person who sold the cocaine to the informant was not Pittman. As the narcotics team, wearing clearly marked "Police" vests, was moving quickly from the van toward Pittman's duplex, Pittman ran toward the backs of the officers yelling at them that it was "his damn house." Tr. p. 12. Despite the officers' commands to get down, Pittman "[c]ontinued to come at" the police in an aggressive manner until he reached IMPD Sergeant Timothy Waters, who "grabbed [Pittman] and forced him down to the ground." *Id.* at 20. At that point, Pittman tucked his hands under his body, despite Sergeant

Waters's command to put his hands out so that he could handcuff Pittman. *Id.* Sergeant Waters, with assistance from Officer Schweers, handcuffed Pittman and they took him inside the house where the search warrant was explained. No illegal drugs were found during the search, but Pittman was arrested for resisting law enforcement.

[3] The State charged Pittman with Class A misdemeanor resisting law enforcement and specifically named Detective James Smith in the information. Pittman was advised, in writing, of his right to a jury trial and that he would waive that right if he did not request a jury trial at least ten days prior to the first scheduled trial date. App. p. 15. The trial was set for January 15, making the deadline to request a jury trial January 5. However, the State added Sergeant Waters and Officer Schweers as witnesses on January 12 and the trial court granted Pittman's requested continuance to permit him to prepare for the additional witnesses. The trial court granted the State's motion to amend the charging information to add Sergeant Waters and Officer Schweers on February 5. On February 19, Pittman filed a request for jury trial. The trial court denied the request as untimely and Pittman filed a motion to reconsider, which the trial court also denied. Finally, at the beginning of his March 9 bench trial, Pittman filed a written objection to the denial of his request for a jury trial.

[4] At trial, Detective Smith, Sergeant Waters, and Officer Schweers testified as to Pittman's actions and that he hindered the safe execution of the search warrant.

The trial court found Pittman guilty of resisting law enforcement. He now appeals.

# Discussion and Decision

Pittman argues that he was unlawfully denied a jury trial and that there was insufficient evidence to convict him.

# I. Denial of a Jury Trial

Pittman contends he was unlawfully denied the right to a jury trial. The right to a jury trial is guaranteed by both the United States and Indiana Constitutions. U.S. Const. amend. VI; Ind. Const. art. 1 § 13. In misdemeanor cases, the right to a jury trial is not self-executing, but is controlled by Indiana Rule of Criminal Procedure 22 ("Criminal Rule 22"). *Young v. State*, 973 N.E.2d 643, 645 (Ind. Ct. App. 2012). In relevant part Criminal Rule 22 provides:

> A defendant charged with a misdemeanor may demand a trial by jury by filing a written demand therefor no later than ten (10) days before his first scheduled trial date. The failure of a defendant to demand a trial by jury as required by this rule shall constitute a waiver by him of trial by jury unless the defendant has not had at least fifteen (15) days advanced notice of his scheduled trial date and of the consequences of his failure to demand a trial by jury.

Ind. R. Crim. P. 22.

[7] Accordingly, when charged with a misdemeanor, a defendant can waive his right to a jury trial by failing to make a timely demand. *Young*, 973 N.E.2d at 645. Although a defendant must be advised of his constitutional right to a jury trial, a written advisement of his rights and the consequences of failure to make a timely demand is sufficient. *Id.*

[8] In this case, Pittman was advised in writing on October 17, 2014 of his right to a jury trial and that he would waive that right if he did not request a jury ten days before his trial. His request for a jury trial was not filed until February 19, substantially after the January 5 deadline. Therefore, the trial court rejected the request as untimely.

[9] However, Pittman argues that the deadline for filing a jury request should have been reset when the trial court approved the State's amendment to the charging information on February 5. Pittman relies on *Tripp v. State*, which held that the "'clock' should be reset" on Criminal Rule 22 if a trial court approves a substantive amendment that adds an additional count and holds another initial hearing during which the defendant is informed of his right to a jury trial. 729 N.E.2d 1061, 1066 (Ind. Ct. App. 2000), *abrogated on other grounds by Fajardo v. State*, 859 N.E.2d 1201 (Ind. 2007). Whether an amendment is a matter of substance or form is a question of law, which we review de novo. *Gibbs v. State*, 952 N.E.2d 214, 221 (Ind. Ct. App. 2011), *trans. denied*. An amendment is one of form, not substance, if both (a) a defense under the original information would be equally available after the amendment, and (b) the accused's evidence would apply equally to the information in either form. *Fajardo*, 859 N.E.2d at

1207. "And an amendment is one of substance only if it is essential to making a valid charge of the crime." *Id.*

[10] The amendment to the charging information in Pittman's case merely added the names of the two officers who stopped him at the scene. It neither added counts nor altered the crime with which Pittman was charged, and there was not an additional initial hearing after the amendment. Moreover, where a defendant is charged with only one count of resisting law enforcement, the inclusion of the officers' names in the charging information is "surplusage . . . not required for a conviction . . . ." *Jones v. State*, 938 N.E.2d 1248, 1253 (Ind. Ct. App. 2010) (addressing the inclusion of the wrong officer's name in a charging information for a single count of resisting law enforcement in the context of sufficiency of the evidence).

[11] We conclude that the State's amendment to the charging information, which merely added the names of Sergeant Waters and Officer Schweers, was not substantive. Further, there was not a second initial hearing. Therefore, the Criminal Rule 22 "clock" did not reset. *See Tripp*, 729 N.E.2d at 1066. Pittman's request for a jury trial was untimely and the trial court properly rejected it.

## II. Sufficiency of the Evidence

[12] Pittman also argues that the evidence is not sufficient to sustain his conviction. When reviewing sufficiency-of-evidence claims, we neither reweigh the

evidence nor judge the credibility of witnesses. *Willis v. State*, 27 N.E.3d 1065, 1066 (Ind. 2015). We only consider the evidence supporting the judgment and any reasonable inferences that can be drawn from the evidence. *Id.* A conviction will be affirmed if there is substantial evidence of probative value supporting each element of the offense such that a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt. *Id.* Finally, we consider conflicting evidence most favorably to the trial court's ruling. *Id.* at 1066-67.

[13] The State charged Pittman with Class A misdemeanor resisting law enforcement under Indiana Code section 35-44.1-3-1(a)(1) which provides in relevant part:

> A person who knowingly or intentionally:
>
> > (1) forcibly resists, obstructs, or interferes with a law enforcement officer or a person assisting the officer while the officer is lawfully engaged in the execution of the officer's duties;
>
> * * * * *
>
> commits resisting law enforcement, a Class A misdemeanor, except as provided in subsection (b).

Ind. Code § 35-44.1-3-1.

[14] Pittman contends that he "merely put his hands underneath his body" and that is not sufficient to prove the element of forcible resistance. Appellant's Br. p. 5. A person forcibly resists, obstructs, or interferes with a police officer when he

uses strong, powerful, violent means to impede an officer in the lawful execution of his duties. *Walker v. State*, 998 N.E.2d 724, 727 (Ind. 2013). An overwhelming or extreme level of force is not required. *Id.* Forcible resistance may be satisfied with even a modest exertion of strength, power, or violence. *Id.* Physical contact is not even required—a threatening gesture may be sufficient to constitute forcible resistance. *Id.* In *Lopez v. State*, this Court held that it is reasonable to infer forcible resistance where "the officers were unable to pull [the defendant's] arms out from under him." 926 N.E.2d 1090, 1094 (Ind. Ct. App. 2010), *trans. denied.*

In this case, Sergeant Waters testified that he could not pull Pittman's hands out from under him and that "[i]t was only with the assistance of Officer Schweers that I could get his hands behind his back and get him handcuffed and restrained and take him inside." Tr. p. 22. As in *Lopez*, this is sufficient evidence to support the inference that Pittman used force in preventing Sergeant Waters from handcuffing him. The trial court's conclusion that the State proved forcible resistance was reasonable. Therefore, we affirm Pittman's conviction for resisting law enforcement.[1]

---

[1] Pittman also argues that a comment made by the trial judge "casts further doubt on the sufficiency of the evidence of forcible resistance." Appellant's Br. p. 7. Specifically, the judge said, "these officers were in the process of executing a search warrant. [If] Mr. Pittman would have cooperated[,] he probably wouldn't have been arrested. So I'm finding him guilty." Tr.p.47. Pittman points out that this Court overturned a conviction in *Kribs v. State*, 917 N.E.2d 1249 (Ind. Ct. App. 2009), when the trial judge made a statement during sentencing, following a bench trial, that indicated he did not believe one of the elements of the crime—"knowingly or intentionally"—had been proven. In Pittman's case, however, the comments of the trial court do not directly negate any element of the crime. We find *Kribs* inapplicable to these facts.

Bailey, J., and Crone, J., concur.