## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Aug 15 2018, 7:53 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Valerie K. Boots
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Caroline G. Templeton
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Nathaniel Bennett,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

August 15, 2018

Court of Appeals Case No.
18A-CR-71

Appeal from the Marion Superior Court

The Honorable Lisa F. Borges, Judge

Trial Court Cause No.
49G04-1509-F4-34803

**Barteau, Senior Judge.**

## Statement of the Case

[1] Nathaniel Bennett appeals the trial court's revocation of his placement in community corrections. We affirm.

## Issue

Bennett raises one issue, which we restate as: whether the State presented sufficient evidence to establish that he violated the terms of his placement.

## Facts and Procedural History

In 2015, Bennett executed a plea agreement and pled guilty to one count of sexual misconduct with a minor, a Level 4 felony. He had engaged in sexual intercourse with a fifteen-year-old when he was twenty-two. The plea agreement stated that Bennett's executed sentence would be capped at six years, followed by three years of sex offender probation.

The trial court accepted Bennett's guilty plea and imposed a sentence of seven years. The court ordered Bennett to serve four years in community corrections, followed by three years on probation. The conditions of Bennett's placement in community corrections included the following: "You shall not possess obscene matter as defined by IC 35-49-2-1 or child pornography as defined in 18 U.S.C. § 2256(8), including but not limited to: videos, magazines, books, DVD's [sic], and material downloaded from the Internet." Appellant's App. Vol. II, p. 55. Bennett signed the conditions, indicating that he had read them and agreed to comply with them.

On September 19, 2017, three officers with the Marion County Community Corrections Agency arrived at Bennett's home to check his compliance with the terms of his placement. They knocked on Bennett's door and identified themselves as community corrections officers. They initially spoke in a regular

tone of voice, but when no one came to the door, they raised their voices to get his attention. Bennett continued to fail to respond to the officers, so they activated an alarm on his tracking device directing him to contact them.

[6] At that point, Bennett came to the door and allowed the officers to enter. The officers found an air mattress in his room. A mobile phone was on the floor next to the mattress. One of the officers took the phone to Bennett and asked him "if there was anything on the cell phone that we should know about." Tr. Vol. 2, p. 27. He initially said no and further told the officers the phone was dead and he did not have a charging cord. One of the officers had a charger in his car and took the phone to plug it in.

[7] Next, one of the officers again asked Bennett if there was anything on the phone that he should know about. Bennett responded that there "possibly" could be something on the phone. *Id.* at 27-28. He also claimed the phone belonged to his girlfriend.

[8] The officers charged the phone sufficiently to turn it on and looked at photographs and videos stored therein. They found "selfies" of Bennett. They also found photographs of a nude woman and videos explicitly depicting two people engaging in sexual intercourse.

[9] On September 21, 2017, the State filed a Notice of Community Corrections Violation, alleging Bennett had possessed obscene matter. The court held an evidentiary hearing, at which the State submitted copies of the photographs and photographs of the videos. The court determined Bennett violated the terms of

his placement and ordered him to serve four years of his sentence in the Department of Correction. This appeal followed.

## Discussion and Decision

[10] A defendant is not entitled to serve a sentence in a community corrections program because, as with probation, placement in the program is a matter of grace and a conditional liberty that is a favor, not a right. *Pavey v. State*, 710 N.E.2d 219, 221 (Ind. Ct. App. 1999). When reviewing the revocation of a placement in community corrections, the standard of review is the same as for revocation of probation. *Morgan v. State*, 87 N.E.3d 506, 510 (Ind. Ct. App. 2017), *trans. denied*. We consider all the evidence most favorable to the judgment of the trial court without reweighing that evidence or judging the credibility of witnesses. *Cox v. State*, 706 N.E.2d 547, 551 (Ind. 1999).

[11] Bennett does not dispute that he possessed the mobile phone and its contents. Instead, he argues the trial court erred in ruling that he violated the terms of his placement because the court also determined that the photographs and videos were not obscene. We disagree. The terms of Bennett's placement stated that the standard for obscene matter was "as defined by IC 35-49-2-1." Appellant's App. Vol. II, p. 55. That statute provides:

> A matter or performance is obscene for purposes of this article if:
> (1) the average person, applying contemporary community standards, finds that the dominant theme of the matter or performance, taken as a whole, appeals to the prurient interest in sex;

(2) the matter or performance depicts or describes, in a patently offensive way, sexual conduct; and

(3) the matter or performance, taken as a whole, lacks serious literary, artistic, political, or scientific value.

Ind. Code § 35-49-2-1 (1983).

[12] At the evidentiary hearing, after the parties presented evidence and argument the court stated, "I do believe the State's met their burden and would find the Defendant in violation." Tr. Vol. 2, p. 76. Next, during the sentencing hearing, the court further explained:

> The order that the Defendant signed at sentencing on March the 2nd of 2016 in paragraph 16 says: You shall not possess obscene matter as defined by Indiana Code 35-49-2-1. Which in reviewing that says in paragraph three: The matter of performance taken as a whole lacks serious literary, artistic, political, or scientific value. And in paragraph one: The average person applying contemporary community standards finds that the dominant theme of the matter or performance taken as a whole appeals to the prurient interest in sex. And of course the, you know, both of those are met. Paragraph two says: ??? [sic] or performance [sic] depicts or describes in a patently offensive way of sexual conduct. And I don't find that paragraph two is necessarily met because apparently it was between consenting people. But the Defendant knew well what he was doing. And the only reason to take those kind of pictures is to review them later. There's no other reason. So you know, clearly he was a party to it and knew it was happening. And he's been found in violation.

*Id.* at 94-95.

[13] The court's explanation during the sentencing hearing, while not completely clear, ultimately reaffirmed the court's determination at the end of the

evidentiary hearing that Bennett had violated the terms of probation.  The trial court stated the videos were obscene.  Further, the trial court's determination that the videos were obscene is amply supported by the record, which includes still photographs of the explicit sexual conduct depicted in the videos.

[14]     Bennett cites *Kribs v. State*, 917 N.E.2d 1249 (Ind. Ct. App. 2009), in support of his claim.  Kribs was convicted of entering a controlled area of an airport with a weapon or device, a Class A misdemeanor.  He claimed the evidence was insufficient because the statute required him to knowingly or intentionally take a weapon into a controlled area, and he had simply forgotten he had a handgun.  The trial court had found Kribs guilty, but at sentencing the court noted Kribs did not have "malicious intent."  *Id.* at 1250.  On appeal, a panel of this Court concluded the trial court's statement that Kribs lacked the intent to commit the crime proved that the evidence of mental culpability was insufficient and reversed the conviction.

[15]     Bennett's case is significantly different from Kribs' case because mental culpability is not at issue here.  Further, the trial court determined at the evidentiary hearing that Bennett had violated the terms of probation by possessing obscene materials, and the court's statement at sentencing, while less than clear, ultimately did not invalidate that determination as to any of the elements of obscenity.  We conclude there is ample evidence Bennett violated the terms of his placement, and the trial court entered judgment accordingly.

# Conclusion

[16] For the reasons stated above, we affirm the judgment of the trial court.

[17] Affirmed.

Najam, J., and Kirsch, J., concur.